### JOHN A. GILBERT'S CASE.

Sagadahoc County.  Decided September 25, 1924.  On Nov. 5, 1920 the petitioner accidentally fell breaking his arm and thigh and injuring his head.  For these injuries he has received compensation.

An ulcerous condition of the right foot developed which made it necessary about two years and a half after the accident to amputate first two toes and later the right leg about four inches above the ankle.

If there is any evidence in the record supporting an affirmative answer to the following questions the award of compensation for loss of leg must be sustained. Other elements are either proved or tacitly admitted.

1.   Was the petitioner's foot fractured?

Dr. Lombard who treated the petitioner, who had X-rays taken and who performed the operations testified that the bones of the foot were fractured.

2.   Did the fracture cause or aggravate the ulcerous condition which made amputation necessary?

Dr. Robinson says that "Trivial injury may excite a trophic ulcer" and Dr. Lombard testifies, "I think the fracture caused the whole trouble."

3.   Was the fracture of the bones of the petitioner's foot caused by his fall on Nov. 5, 1920?

The petitioner fell twenty-three feet to a concrete floor, his fall being somewhat broken about half way down by striking a timber. Such a fall would reasonably account for a fractured foot as well as a broken leg and arm.

The petitioner testified that before the accident he "never had any trouble with the foot" and that afterward "it hurt every step I took on it."

It therefore appears that in support of each of these propositions there is some evidence. True there are circumstances that weaken and testimony that contradicts it.

But even if the commissioners' finding be manifestly against the weight of evidence it is final. The commission and not the court is vested with the power and charged with the responsibility of determining the preponderance of evidence and deciding which of two or more reasonable and natural inferences shall be accepted. Appeal dismissed with costs. Decree affirmed. *Harry E. Nixon*, for petitioner. *Hinckley & Hinckley*, for respondents.